**FILED**
**May 28, 2025**
**07:36 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT GRAY

| | | |
|---|---|---|
| **ANDREA COOKE,** | ) | **Docket No. 2023-02-5825** |
| **Employee,** | ) | |
| **v.** | ) | |
| **JOHNSON COUNTY SCHOOL** | ) | |
| **SYSTEM,** | ) | **State File No. 61269-2022** |
| **Employer,** | ) | |
| **And** | ) | |
| **TENNESSEE RISK MANAGEMENT** | ) | |
| **TRUST,** | ) | **Judge Brian K. Addington** |
| **Carrier.** | ) | |

---

### EXPEDITED HEARING ORDER

---

The Court held an expedited hearing on May 22, 2025, to decide Ms. Cooke's request for payment of past bills, ongoing medical treatment with Dr. Suzanne McAdams, and past temporary disability benefits. For the reasons below, the Court holds Ms. Cooke is entitled to ongoing medical treatment from a panel physician but denies her other requests.

### Claim History

During a volleyball game for the Johnson County School System on August 25, 2022, an errant volleyball spike hit Ms. Cooke on the head. She had difficulty standing for the rest of the game.

Ms. Cooke reported her injury the next day and filed an accident report. She was told to go home because it was obvious that she was struggling to stand and walk. Johnson County did not provide a panel of physicians before she left work.

After Ms. Cooke went home, her symptoms worsened, so she went to her neurologist, Dr. Suzanne McAdams, because her primary care doctor was unavailable.

1

There she complained of headache, neck pain, and radicular pain in her right hand. Dr. McAdams diagnosed a concussion. A CT scan was normal.

Later that day, Ms. Cooke was informed there was a physician panel in her box at work. She made an appointment with Bridgett Lewis with the personnel office at work to fill out the paperwork.

On August 29, Ms. Cooke filled out paperwork and signed a panel of physicians. Ms. Lewis sent it to Tennessee Risk Management Trust (TRMT).

Ms. Cooke and Ms. Lewis also spoke with a TRMT representative on the phone, but they and the representative had different understandings of the conversation. The representative thought Ms. Cooke only wanted to treat with Dr. McAdams instead of the panel doctor, while Ms. Cooke and Ms. Lewis thought that TRMT would consider letting Dr. McAdams be the authorized physician. However, Ms. Cooke acknowledged during the expedited hearing that no one told her that Dr. McAdams was authorized.

Despite her not being explicitly authorized to treat, Ms. Cooke continued to see Dr. McAdams and underwent physical therapy for post-concussive syndrome using her private insurance. Ms. Cooke twice called TRMT, but she received no response until a notification arrived in the mail in November 2022 where TRMT said it would not reimburse her private insurance for her treatment with Dr. McAdams. Despite this, Ms. Cooke continued to see Dr. McAdams. She kept her off work from August 29 to December 15, when she returned to work under restrictions that Johnson County accommodated.

Eventually Ms. Cooke filed a Petition for Benefit Determination. A few months later, counsel for TRMT offered Ms. Cooke another physician panel. This confused Ms. Cooke, and she declined to select a doctor.

At the hearing, Ms. Cooke argued that she was entitled to payment of past medical bills, ongoing medical treatment with Dr. McAdams, and temporary disability benefits from August 29 to December 15, 2022. TRMT said it was willing to provide treatment from a panel physician but argued Ms. Cooke is not entitled to any other benefits because she chose to treat on her own with Dr. McAdams.

### Findings of Fact and Conclusions of Law

Ms. Cooke must prove she is likely to prevail at a hearing on the merits that she is entitled to the requested benefits. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

TRMT agreed that Ms. Cooke suffered an injury at work and it accepted her claim. However, it expected her to see a panel physician.

2

Tennessee Code Annotated Section 50-6-204(a)(3)(A)(i) (2022) requires that employers offer a panel of three doctors and the employee to accept medical treatment from a panel physician. Likewise, Tennessee Compilation Rules and Regulations 0800-02-01-.06(1) (2018) requires employers to provide a panel of physicians no later than three days after the employee gives notice of an injury and expresses a need for medical treatment.

Here, Ms. Cooke filed her claim on August 26, 2022, and Johnson County placed a physician panel in her work mailbox that day. However, Ms. Cooke never saw the doctor she later chose from the panel because she began treating with her own physician before receiving the panel and chose to stay that course.

Ms. Cook said she thought Dr. McAdams might be approved, while TRMT never approved Dr. McAdams but believed Ms. Cooke wanted her anyway. Also, when she later realized Dr. McAdams was not authorized, Ms. Cooke continued to see her and did not pick a physician from the panel TRMT offered her in 2023.

Although Ms. Cooke had the right to see Dr. McAdams despite being offered medical treatment, she ran the risk of being responsible for paying for the treatment by doing so. TRMT never *refused* to provide medical benefits. However, a misunderstanding between the parties led Ms. Cooke to believe TRMT would pay for her to see Dr. McAdams. Then, after the misunderstanding was cleared, Ms. Cooke still chose to continue treating with Dr. McAdams. Thus, TRMT is not responsible for paying for that treatment. *McCord*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6 at *13.

Further, Section 50-6-204(d)(7) states that when an employee does not accept the medical services offered by the employer, the employee's right to compensation is suspended. Based on the evidence, the Court finds that Ms. Cooke did not accept medical treatment offered by TRMT, so her benefits were suspended when she was off work from August 29 to December 15, 2022, excluding her from receiving temporary disability benefits for that period.

It is **ORDERED as follows:**

1. Ms. Cooke's request for payment of past medical treatment and past temporary disability benefits is denied.

2. Ms. Cooke may choose from the panel TRMT offered her, and TRMT shall authorize treatment with that physician.

3. The Court sets a status hearing for **July 17, 2025, at 2:00 p.m. Eastern Time**. The parties must call **(855) 543-5044** to participate.

4. Unless an interlocutory appeal is filed, compliance must occur by seven business days of entry of this order as required by Tennessee Code Annotated section 50-6-239(d)(3). Johnson County or its carrier must submit confirmation of compliance to WCCompliance.Program@tn.gov by the compliance deadline. Failure to do so may result in a penalty assessment for non-compliance. For compliance questions, please contact the Workers' Compensation Compliance Unit by email at WCCompliance.Program@tn.gov.

ENTERED May 28, 2025.

_____
**BRIAN K. ADDINGTON, JUDGE**
**Court of Workers' Compensation Claims**

**<u>Appendix</u>**

Exhibits:

1. Affidavit of Andrea Cooke
2. Affidavit of Brookanna Hutchins
3. Affidavit of Bridgette Lewis
4. Affidavit of Michelle Green
5. Affidavit of Christi Gentry
6. (Collective)Employee's Choice of Physician
7. TNRMT Employee Accident Report
8. Supervisor Accident Investigation Report 8/29/2022
9. TNRMT Accident acknowledgement letter 8/29/2022
10. TNRMT Carman Judd letter to Ms. Cooke8/29/2022
11. TNRMT Event letter 8/29/2022
12. Letter from Andrea Cooke Re: treatment with Dr. McAdams 8/29/2022
13. Blue Cross Blue Shield of Tennessee Lien Letter 11/10/2022
14. TNRMT Lien denial letter
15. Bridgette Lewis Letter 9/29/2023
16. Email from Mr. Gerard Jabaley attaching physician panel
17. Medical Records Boone Neurological Services-Dr. Suzanne McAdams
18. Standard Form Medical Report of Industrial Injuries 5/6/2024
19. Ballad Health Physical Therapy records
20. Pay Stub Johnson County Board of Education
21. (Collective) Johnson County Schools Employee Absentee Form
22. (Collective) Blue Cross Blue Shield Explanation of Benefits

4

23. Johnson County Board of Education Employee Accident Report

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent on May 28, 2025.

| Name | Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Andrea Cooke, Employee | X | | X | mcooke@jocoed.net<br>156 Putnam Lane<br>Mountain City, TN 37683 |
| Gerard Jabaley, Employer's Attorney | | | X | gjabaley@wimberlylawson.com<br>aburge@wimberlylawson.com |

_____

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board.  To do so, you must:

1.  Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
    When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2.  You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3.  You are responsible for ensuring a complete record is presented on appeal.  If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee.  If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk.  The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted.  For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4.  After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

    **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable.  See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____ ☐ Motion Order filed on _____

☐ Compensation Order filed on_____ ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties
**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee
Address: _____ Phone: _____
Email: _____
Attorney's Name: _____ BPR#: _____
Attorney's Email: _____ Phone: _____
Attorney's Address: _____
*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### <u>CERTIFICATE OF SERVICE</u>

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*